377 So.2d 1029 (1979)
STATE of Louisiana
v.
Micah Gordon RICHARDSON.
No. 65915.
Supreme Court of Louisiana.
November 30, 1979.
*1030 Maynard E. Cush, Rollin W. Cole, Jr., Shreveport, for defendant-relator.
Paul J. Carmouche, Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Counsel for defendant, Micah Gordon Richardson, filed a writ application in this court complaining of the severity of the sentence and the refusal of the trial judge to grant access to the pre-sentence report and a further sentencing hearing.
We granted a stay pending the completion of the transcript of the proceedings.
*1031 Defendant is a seventeen-year-old boy who lives with his widowed mother in Rodessa, and who had no previous convictions. The complaint was made that the opinions of neighbors and the police disclosed in the pre-sentence report furnished the only reason for the imposition of a jail sentence.
The transcript of the sentencing proceeding showed that the defendant requested an opportunity to contradict some of the contents of the pre-sentence report.
On September 21, 1979 we granted defendant's application (No. 65262) with the following order:
"Writ granted. The sentence imposed herein is set aside and the trial judge is hereby ordered to grant defendant access to the presentence investigation report and to accord defendant a hearing and opportunity to contradict the same."
On October 17, 1979 defendant again filed an application in this court, complaining that the trial judge had failed to comply with the order of the court, having submitted a "sanitized" edition of the pre-sentence investigation report.
An examination of the per curiam of the district court judge indicated that he had excised certain portions of the pre-sentence report in order to preserve the "confidentiality" of the report pursuant to C.Cr.P. 877, which concludes with the following sentence: "The sources of confidential information shall not, however, be disclosed."[1]
A comparison of the "sanitized" version and the original of the pre-sentence report, which was forwarded to this court by the trial judge, shows that the "sanitized" version omitted the names of two sheriff's deputies and two other persons who furnished information about the defendant's past. The import of defense counsel's complaint is that since he does not have the names of persons who furnished information which he believes to be erroneous, he is unable to traverse portions of the pre-sentence report adverse to his client.
The pre-sentence report summarized previous activities of defendant in the community. Specific allegations of defendant's misconduct in the pre-sentence report can be controverted if defendant considers that they are untrue. No sound reason for excising the names of the deputies is apparent from anything furnished this court. There is no indication that the information was confidential nor that the source of the information was intended to be confidential.
The trial judge has given satisfactory reasons for not disclosing the names of other persons from whom the probation officer received information about defendant's conduct in the community, school and family. Defendant has all the adverse information (except the names of the informants). If any of it is untrue, the names of the informants will not assist him in controverting the allegations.
The trial judge's per curiam reflected great difficulty in reconciling what he viewed as a conflict between the order of this court and the statutory provisions concerning the confidentiality of pre-sentence investigation reports. Although the trial judge cited our cases of State v. Berain, 360 So.2d 822 (La.1978); State v. Bosworth, 360 So.2d 173 (La.1978); State v. Segers, 357 So.2d 1 (La.1978) and State v. Underwood, 353 So.2d 1013 (La.1977), he did not refer to State v. Trahan, 367 So.2d 752 (La.1978). The trial judge was of the opinion that "this court has not found constitutional dimensions in the prohibitions of Article 877" (apparently referring to the last sentence of article 877).
In State v. Trahan, we said:

*1032 "In State v. Bosworth, 360 So.2d 173, 175 (La.1978), we reiterated: `Where, in imposing a heavy sentence, the trial court relies upon pre-sentence information which is materially false or which furnishes invalid information, the defendant must be given an opportunity to deny or explain such substantially significant misinformation. State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977).'
We there explained that the accused has a right to access to such records, upon request and appropriate allegation (as here), in order to avoid an excessive sentence improperly resulting from materially false information, with the court (after an in camera examination) to withhold only such information which is not relevant or which is protected by confidentiality. 360 So.2d 175. We noted also that due process and fairness values require that the defendant be afforded an opportunity to deny or to explain prejudicial information otherwise secret to the sentencing judge himself. 360 So.2d 175. We finally noted that no full scale evidentiary trial is required at the sentencing hearing, at which the defendant is given an opportunity to deny or explain adverse information which is prejudicially false or misleading. 360 So.2d 176-77. Under these principles, the trial court was in error in denying the defendants' motions for disclosure and for an opportunity to contradict or explain substantially prejudicial information." 367 So.2d at 754. (Emphasis added).
Before the Constitution of 1974, there was no review of excessive sentences in Louisiana. Since the adoption of the new Constitution, this court is required to review complaints of excessive sentences. State v. Sepulvado, 367 So.2d 762 (La.1979).
The due process guarantee of Article 1, § 2 of the Constitution of 1974 requires that a defendant be given an opportunity to rebut false or invalid data of a substantial nature, to which the sentencing judge was exposed, where there is a reasonable probability that it may have contributed to the harshness of the sentence. State v. Underwood, supra; State v. Bosworth, supra. When he requests the opportunity to contradict false data contributing to the claimed excessiveness, defendant's right of access is circumscribed only by the prohibition against disclosure of confidential information contained in C.Cr.P. 877 and by R.S. 15:574.12, which provides that the trial judge may withhold information which is not relevant to the proceedings, or which was derived from communications which were obviously made in the confidence that they would not be disclosed, or where confidentiality is essential to future useful relations between the source and the recorder of the information. If the trial judge is in doubt as to the need to preserve the confidentiality of any particular lay informant, he may block out the name and identifying information, but not the substance of the adverse information itself. Bosworth, supra at 176, footnote 3. The names of law enforcement officials, whose evaluations were not made with the intention that they be kept confidential, should not be withheld. State v. Trahan, supra at 754.
The pre-sentence report disclosed that defendant entered the "old Rodessa school" and took some property from a Civil Defense store room in the school. Among the property taken were some blankets, a container holding approximately two hundred syringes and some canned heat. Defendant assisted in the recovery of some of the items but declined to go further because he "didn't want to get his friends in trouble."
One deputy described defendant as a "nuisance and troublemaker" with no respect for his family or for property of others; that defendant drives like "a wild man" and recently had a serious automobile wreck; that defendant had emotional problems, evidenced by scars on his arm caused by self-inflicted knife wounds. The deputy stated that defendant "has been known to carry a gun" and that he could be dangerous.
Another deputy reported that defendant is "constantly creating problems and stealing things;" and that he had run off (without paying?) after filling up at a gasoline *1033 station. The report discloses no convictions, but two theft charges which were dismissed in the juvenile system. No prior arrests and no crimes against the person were disclosed.
Defendant's school record is bad; he had been expelled from high school.
The information in the "social history" of the report which was obtained from "an educator" and "a person close to the family" is accurately paraphrased in the "sanitized" version. The trial judge was not in error in concealing the identity of the persons who made that report. The content of the report, if deemed to be false by the defendant, can be controverted without knowing the names of the sources of the information.
With the foregoing considerations in mind, the writ is granted and the case is remanded to the district court for compliance with our order of September 21, 1979; the defendant is to be furnished with the names of the deputies who were the source of information which defendant contends is materially false; the trial court will then "accord defendant a hearing and opportunity to contradict" those portions of the pre-sentence report which he contends to be materially false, and which may have influenced the imposition of the jail sentence.
SUMMERS, C. J. and MARCUS, J., dissent.
NOTES
[1] "The pre-sentence or post-sentence investigation report shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, members of the division of probation and parole supervision, the officer in charge of the institution to which the defendant is committed, the parole board, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities if the defendant is committed to a hospital, the pardon board, and the governor or his representative.

Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report. The sources of confidential information shall not, however, be disclosed." C.Cr.P. 877.