STOKER, Judge.
Defendant pled guilty, on May 24, 1982, to a reduced charge of attempted simple burglary and was sentenced on July 22, 1982, to four years at hard labor. He was originally charged with simple burglary. Instead of assigning reasons for the sentence at the time defendant was sentenced, the District Court, on August 12,1982, filed with the Clerk of Court written reasons for sentencing. In those written reasons, the trial court incorrectly referred to the charge against the defendant as “simple burglary” instead of attempted simple burglary. On appeal, defendant’s assignments of error are as follows:
1. Failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 in that the trial court did not give reasons for the sentencing contemporaneous with the imposition of sentence.
2. Failing to make available to defendant a pre-sentence investigation report.
3. Imposing an excessive, cruel and unusual sentence — four years at hard labor.
We remand the case for resentencing.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that this court should not consider the written reasons for sentence because the Code of Criminal Procedure, article 894.1 C requires that the trial court give its reasons for sentence at the time of the sentence hearing. Article 894.1 C reads as follows:
“Art. 894.1. Sentence guidelines; generally
* * * * * *
“C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
The trial court has stated its considerations in the form of written reasons, but subsequent to the imposition of sentence.
We do not hold that the trial court must give reasons for sentence simultaneously with the imposition of sentence. Undoubtedly doing so would be a better practice since it would reduce the possibility of inconsistencies between the plea, indictment, bill of information or verdict and the reasons for sentence.
As stated earlier, the trial court incorrectly referred to the charge as being simple burglary rather than attempted simple burglary in its written reasons for sentence. The trial court never corrected this statement in the remainder of the opinion. The length of time between the entry of the plea of guilty and the imposition of sentence and the sentence imposition and reasons for sentence, together with the fact that the bill of information originally alleged the defendant committed simple burglary but was amended to reflect a charge of attempted simple burglary, leads us to believe that the trial court may well have been under a misapprehension as to the exact crime to which defendant plead guilty. There is nothing in the record to lead us to a different conclusion.
It is elementary that the defendant must be sentenced for the crime of which he is found guilty. Inasmuch as the reasons for sentence indicate, as a technicality at least, that this was not done, we remand the case for resentencing.
ASSIGNMENT OF ERROR NO. 2
This assignment of error alleges that the trial court erred in not making a pre-sen-tence examination report available to the defendant or his counsel in violation of the due process and right of confrontation clauses in the constitution. It is not clear from the record whether such a report was actually ordered by the trial court. Defendant’s counsel failed to request any such report. The minutes of court for May 24, 1982, show that upon accepting the defendant’s plea, the trial court ordered that a pre-sentence investigation be made.
Normally, a defendant will be allowed access to the pre-sentence investigative report when requested by him and upon allegations of misstatement of fact and inaccuracies, in order to correct those mistakes. If the request and allegations *521 are made, the due process guarantee of Article 1, Section 2 of the Louisiana Constitution of 1974, requires that a defendant be given an opportunity to rebut any such false or invalid data in a hearing setting. State v. Richardson, 377 So.2d 1029 (La.1979); State v. Lockwood, 399 So.2d 190 (La.1981); and State v. Bosworth, 360 So.2d 173 (La.1978).
The defendant failed at the trial court level to request access to any pre-sen-tence investigative report. Assuming there was one, he cannot complain now of his failure to receive it. However, inasmuch as we are remanding the case, the defendant will have the opportunity to request such a report (if one was furnished to the trial court) before resentencing and take any appropriate action regarding it.
ASSIGNMENT OF ERROR NO. 3
The third assignment of error is that the trial court erred in imposing an excessive, cruel and unusual sentence. Inasmuch as the sentence is vacated and the case is remanded for resentencing, this issue is not ripe for consideration at this time.
DECREE
For the reasons assigned, the sentence of the trial court is vacated and the case is remanded for resentencing in accordance with the reasons given herein.
SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.