468 So.2d 1344 (1985)
STATE of Louisiana
v.
Leonard GREEN, III.
No. 84 KA 1253.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*1345 Ossie Brown, Dist. Atty. by Tom Walsh, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Robert Kleinpeter, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Defendant, Leonard Green, III, was indicted by the East Baton Rouge Parish grand jury for the rape of a fourteen year old girl. The rape occurred on October 5, 1983, at approximately ten o'clock a.m. in the girls' bathroom of Glen Oaks Middle School in Baton Rouge, Louisiana. The factual basis of the plea was established at the Boykin examination, which revealed that the charge was based on the complaint of the victim, who alleged that defendant entered the bathroom armed with a metal rod, forced her into a stall in the bathroom and raped her on the floor. The attack was interrupted when another girl came into the room, witnessed the rape, and ran screaming from the bathroom. Defendant was identified by the victim, the girl who witnessed the rape, and three other students, who saw him running from the bathroom. His fingerprints, found on the *1346 scene, were positively identified by the State Police crime laboratory.
At the request of the victim, the indictment was amended in open court to the charge of forcible rape, in violation of La.R.S. 14:42.1.[1] Thereafter, following an extensive Boykin examination, defendant pled guilty to the reduced charge.[2] Prior to sentencing, defendant filed a motion to withdraw his guilty plea. After a hearing, the trial court denied defendant's motion, and sentenced him to serve twenty years at hard labor, at least two of which were to be served without eligibility for probation, parole or suspension of sentence. Defendant appeals, alleging that the trial court erred by refusing to permit defendant to withdraw his guilty plea and that the sentence imposed was excessive.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant alleges that the trial court erred in denying his motion to withdraw his guilty plea. He now contends that he believed that he was pleading guilty to being in the girls' bathroom; that he did not intend to plead guilty to rape. At the hearing on the motion, defendant testified that he did not touch the victim, and that he did not know he was pleading guilty to having sexual relations with her.
La.C.Cr.P. art. 559 allows the court to permit a guilty plea to be withdrawn at any time before sentence. Discretion to permit the withdrawal of a guilty plea is vested in the trial judge. That discretion, however, cannot be arbitrarily exercised and abuse of discretion can be corrected on appeal. State v. Taylor, 441 So.2d 1306 (La.App. 1st Cir.1983). In determining whether guilty pleas are knowing and voluntary, the court should not look only to the colloquy concerning the waiver of rights but may also look at other factors which may have a bearing on its decision. State v. Davis, 457 So.2d 848 (La.App. 1st Cir.1984).
The transcript of the Boykin examination reveals that the trial court very carefully explained the elements of forcible rape, the sentencing exposure which defendant faced on charges of aggravated and forcible rape, and the rights he was waiving by pleading guilty. The state presented the factual basis of the plea, which clearly specified that defendant was charged with forced sexual intercourse. Defendant was represented by able counsel and his mother appeared with him and agreed to the guilty plea. We note that defendant was twenty years old, has at least a tenth grade education, was trained as an electrician in the job corps and was attending Delta College when the crime occurred. In addition, Mr. Green unequivocally stated that he understood everything that had taken place during the Boykin examination. We find no abuse of discretion in the trial judge's refusal to allow withdrawal of the guilty plea.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the trial court imposed an excessive sentence. The maximum term of incarceration to which defendant may have been sentenced is imprisonment at hard labor for forty years. At least two years of the sentence must be served without eligibility for probation, parole, or suspension of sentence. LSA-R.S. 14:42.1. The sentence imposed here is half of the maximum, and not apparently severe. Defendant was indicted for aggravated rape, and was allowed to plead guilty to forcible rape at the request of the victim, *1347 who wished to be spared the trauma of testifying at trial. Defendant was armed with a metal rod and attacked his victim in the school restroom, a place which she believed to be safe and secure. The victim certainly did not induce or provoke defendant into raping her. Defendant's victim was a young girl, only fourteen years old at the time of the rape.
The trial court has wide discretion in the imposition of sentence, and a sentence will be disturbed on appeal only where the trial court has abused its discretion by imposing that sentence. Sentences in Louisiana for forcible rape generally reflect a range from ten to twenty-five years at hard labor, with parole excluded for periods of two to eight years. See State v. Nathan, 444 So.2d 231 (La.App. 1st Cir. 1983), writ denied, 445 So.2d 1232 (La. 1984). Considering the record before us, a sentence of twenty years at hard labor for this offense is not excessive.

PATENT ERROR
The sentence imposed by the trial court is an illegal sentence. The court is required to impose a determinate sentence. La.C.Cr.P. art. 879. Here the trial court sentenced defendant to twenty years at hard labor, stating "at least two years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence." (Emphasis added.) The Official Revision Comment to article 879 indicates that the reason for a determinate sentence is to couple it with La.R.S. 15:574.4[3], which grants the general right to apply for parole after a specified portion of the sentence has been served. The sentence imposed here gives no basis for determination of when defendant might be eligible for parole since it fixes no maximum for the number of years to be served without eligibility.
In State v. Hart, 397 So.2d 518, 519 (La.1981), the Louisiana Supreme Court noticed, ex proprio motu, that the sentence imposed was illegally indeterminate in specifying that "... at least 25 of that 50 years must be consecutive to [the] sentence for the armed robbery." (Emphasis original.) Further, in State v. Telsee, 388 So.2d 747 (La.1980), the court specifically noted that "[t]he trial judge's imposition of a sentence of forty years `at least half of which' shall be served without benefit of parole, probation, or suspension of sentence may be illegal as an indeterminate sentence in violation of C.Cr.P. [art.] 879." 388 So.2d at 749, n. 2. The court vacated the sentence on other grounds, therefore the merits of that issue were not addressed.
In accordance with Hart, supra, and Telsee, supra, we vacate the sentence and remand to the trial court for resentencing in keeping with the opinions expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] In amending the indictment, the state failed to provide for the reduced charge in all possible spaces on the body of the indictment. Error in the [statutory] citation or its omission shall not be ground for dismissal of the indictment or reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464. Defendant herein was not misled as to the grade of the offense with which he was charged.
[2] We note that in the Boykin examination the trial court advised defendant that he was waiving "all rights of judicial review pertaining to this conviction." At sentencing, the court advised defendant that he had the right to appeal his sentence.
[3] The comment cites 15:574.3. Parole eligibility requirements are set forth in 15:574.