J^SHORTESS, J.
Richie Lee Brown (defendant) was charged by grand-jury indictment with armed robbery. La. R.S. 14:64. The date of this armed robbery was May 16, 1972. In separate indictments, he was also charged with murder and aggravated battery. Ml three indictments arose from the May 16 armed-robbery incident. The State elected to proceed under the armed-robbery charge. Defendant pled not guilty and, after trial by jury in 1973, was found guilty as charged. He received a sentence of ninety-nine years at hard labor imposed by the trial judge, Judge Leon J. LeSueur. In 1975, the Louisiana Supreme Court affirmed his conviction. State v. Brown, 319 So.2d 409 (La.1975).
In March 1990, defendant filed a pro se motion to correct illegal sentence, on the basis that the sentence did not deny parole eligibility and, therefore, was illegally lenient. In February 1991, the supreme court ordered the district court to act on the motion. State v. Brown, 573 So.2d 1144 (La.1991). On April 29, 1991, Judge Glynn A. Long denied the motion. Citing State v. Desdunes, 579 So.2d 452 (La.1991), State v. Washington, 578 So.2d 1150 (La. 1991), and State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991), the supreme court vacated the original sentence and remanded for resentencing in June 1991. State ex rel. Brown v. Whitley, 581 So.2d 662 (La.1991).
At a resentencing hearing on October 21, 1991, Judge LeSueur, who retired in 1990, testified that he intended to impose the “absolute maximum” sentence without benefit of parole because defendant had committed murder during the robbery. At the conclusion of this hearing, Judge Long resentenced defendant to ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. Subsequently, in an unpublished decision, this court denied defendant’s writ application. State ex rel. Brown v. State, 93-0799 (La.App. 1st Cir.9/13/93). Thereafter, the supreme court denied defendant’s writ application. State ex rel. Brown v. Whitley, 94-1055 (La.8/1/96), 677 So.2d 443. However, on December 17, 1996, in an unpublished order, the United States District Court for the Middle District of Louisiana granted conditional ha-beas relief and ordered defendant either discharged or resentenced. Brown v. Ieyoub, 96-0244 (M.D.La.12/17/96).
On May 5, 1997, Judge Ralph Tureau resentenced defendant to ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. _[¿Thereafter, defendant filed a motion to reconsider sentence, which Judge Tureau denied.
Defendant has appealed to this court, alleging two assignments of error, as follows:
1. The district court erred in imposing a vindictive sentence.
2. The district court erred in imposing an excessive sentence.
The record does not contain a trial transcript, and the 1975 supreme court opinion affirming defendant’s conviction did not contain a recitation of the facts. However, according to offense reports contained in the presentence investigation report (PSI), defendant and codefendant Ronald Desire robbed Gertrude Bergeron, an employee of the O.J. Blanchard Store in Belle Rose, Louisiana. Defendant stabbed Bergeron with a hunting knife while Desire beat *884 Anna LeBlane. After obtaining over $1,200, they fled the store. Bergeron died as a result of the stabbing. Defendant and Desire were apprehended shortly after the robbery, and the money and hunting knife were recovered.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
Defendant contends the district court erred in imposing a new sentence that is (1) vindictive and (2) excessive.
The Louisiana Code of Criminal Procedure sets forth factors that must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness must consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir. 1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
|4When resentencing defendant, Judge Tureau noted the intent of Judge LeSueur to impose a maximum sentence, but stated he placed no weight on this intent and was making an independent determination of the sentence. Judge Tu-reau reviewed the entire record, the PSI (that recommended a maximum sentence without parole), and the letters submitted by numerous individuals. Reviewing the facts of the offense, Judge Tureau concluded, as did both of his predecessors, that defendant stabbed Bergeron to death during the robbery. At the conclusion of this latest resentencing hearing, Judge Tureau imposed the maximum sentence of ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. Considering the above, we find the district court complied with the article 894.1 guidelines.
For his conviction of armed robbery, defendant was exposed to a maximum sentence of ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:64(B). Defendant received the maximum sentence for this offense. This court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La. App. 1st Cir.1983). Considering that defendant committed a brutal murder of a female employee during this armed robbery while his codefendant beat another female, we find this armed robbery to be one of the most serious kind and defendant to be one of the worst types of offenders.
Furthermore, we reject defendant’s assertion that the sentence is vindictive. In State v. Harris, 93-1098, pp. 1-2 (La.1/5/96), 665 So.2d 1164, 1165 (per cu-riam), applying the presumption of regularity in judicial proceedings, the supreme court provided for ministerial corrections of the record, especially in cases where a trial court omitted parole ineligibility. In so doing, the supreme court overruled the conflicting portions of State v. Husband, 593 So.2d 1257 (La.1992), State v. Desdunes, 579 So.2d 452 (La.1991), State v. Washington, 578 So.2d 1150 (La.1991), and State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991). The record contains a written statement required by 1942 La. Acts, No. 47. This written statement, signed by the district attorney and Judge LeSueur, indicates defendant stabbed Ber- *885 geron to death during the armed robbery. Considering this written statement, as well as the evidence adduced at the subsequent resentencing hearings and the circumstances of this offense, we find no abuse of discretion in imposing the maximum sentence at the latest |Bresentencing hearing. Whether reviewing the sentence as a simple ministerial correction of the original sentence imposed by Judge LeSueur or as a new and completely independent sentence imposed by Judge Tureau, we find the sentence to be neither vindictive nor constitutionally excessive. These assignments of error are nieritless.
We affirm defendant’s sentence.
AFFIRMED.