NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**08-1468**

**STATE OF LOUISIANA**

**VERSUS**

**B.S.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 19719-01
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MICHAEL G. SULLIVAN
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**Counsel for:**
        **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
        **B.S.**

**SULLIVAN, Judge.**

Defendant appeals his sentence, complaining that the trial court erred in denying him the opportunity to present evidence at his sentencing hearing. We affirm.

*Facts and Procedural History*

B.S. pled guilty on May 17, 2004, to forcible rape, a violation of La.R.S. 14:42.1.[1] He was sentenced to twenty-five years at hard labor; *at least* two years of the sentence was ordered to be served without benefit of probation, parole, or suspension of sentence. On July 6, 2006, Defendant filed a "Motion to Correct an Illegal/Indeterminate Sentence," asserting that his sentence was indeterminate because the trial court failed to designate which portion of his sentence was to be served without parole. The trial court denied the motion. Defendant sought review of that ruling, and this court held that his sentence was indeterminate because it did not specify what portion of the sentence had to be served without benefit of parole, as required by La.R.S. 14:42.1(B) and La.Code Crim.P. art. 879. *See State v. [B.S.],* an unpublished writ opinion bearing docket number 06-1532 (La.App. 3 Cir. 2/9/07). Defendant's sentence was vacated, and the matter was remanded to the trial court for imposition of a determinate sentence. *Id.*

On May 25, 2007, a resentencing hearing was held; Defendant was not represented by counsel at the hearing. The trial court resentenced Defendant to twenty-five years at hard labor; two years of the sentence were ordered to be served without benefit of probation, parole, or suspension of sentence. Defendant subsequently filed a writ application, seeking review of his resentencing on

---

[1]Defendant's initials are used in accordance with La.R.S. 46:1844(W).

1

September 19, 2007. In an unpublished opinion, Defendant's writ application was converted to an appeal. *See State v.* [*B.S.*], an unpublished writ opinion bearing docket number 07-1156 (La.App. 3 Cir. 10/24/07). On appeal, Defendant asserted that the trial court erred in resentencing him in the absence of counsel without obtaining a valid waiver of his right to assistance of counsel. On April 30, 2008, this court found that the Defendant was sentenced without the assistance of counsel and without waiving his right to counsel. His sentence was vacated, and the matter was remanded for resentencing. *Id.*

On July 30, 2008, Defendant, who was represented by counsel, was resentenced to twenty-five years at hard labor; two years of the sentence were ordered to be served without benefit of probation, parole, or suspension of sentence. He was also given credit for time served. At that time, Defendant made a verbal motion to reconsider his sentence, which was denied. Defendant is now before this court on appeal; he asserts that the trial court erred by denying him an opportunity to present evidence at his second resentencing hearing.

### *Discussion*

Defendant concedes that his plea agreement included a joint recommendation for a twenty-five-year sentence and that, pursuant to the agreement, the State presented the recommendation at his sentencing hearing. However, he maintains that La.Code Crim.P. art. 881.2 does not prevent him from seeking review of his sentence because the plea agreement was not based on an agreed-upon sentence. Defendant claims that he was entitled to, but was denied, a sentencing hearing.

The State maintains that Defendant's argument lacks citations to the appellate record and to case law as required by Uniform Rules—Courts of Appeal, Rule 2-12.4

2

and, therefore, his assignment of error should be disregarded. The State also argues that if this court chooses to consider Defendant's argument, his assertion that he was denied the opportunity to present evidence at his second resentencing hearing is not accurate. It asserts that Defendant did not seek to present evidence at the resentencing hearing; therefore, pursuant to La.Code Crim.P. art. 841, he waived his right to raise the issue on appeal.

Uniform Rules—Courts of Appeal, Rule 2-12.4 provides that the appellant's brief must "include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error," and that the court may disregard argument on that error when suitable reference is not made to the error in the record. In his brief, Defendant refers to the specific transcript in the record but not the specific page numbers. He points out in his reply brief that the entire transcript is only eleven pages long, and he identifies the four pages of the transcript which involve the alleged error. The absence of cites to the record does not place a burden on this court, nor does it lead to confusion, as referenced in Rule 2-12.4; therefore, we address Defendant's argument.

Defendant's assertion that he is not prevented from seeking review of his sentence under Article 881.2 is supported by the jurisprudence. In *State v. Higginbotham*, 03-49 (La.App. 3 Cir. 4/30/03), 843 So.2d 1230, the defendant argued that the trial court erred when it imposed consecutive sentences rather than the concurrent sentences recommended by the State. The defendant complained that the sentence recommendation was the motivating factor in obtaining his plea. There was no agreement as to the length of sentences; therefore, this court found that the parties agreed to a recommendation, not to a sentence. The court reasoned:

> It is well settled that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both the State and the defendant. The trial judge may accept or reject a joint sentence recommendation.

*State v. Robinson*, 33,921, p. 2 (La.App. 2 Cir. 11/1/00); 770 So.2d 868, 870 [citations omitted].

> There is a distinction between an "agreed upon plea" and an "agreed upon sentence." In *Robinson*, the defendant entered into an agreement wherein he plead guilty to two counts of a lesser crime of simple burglary and the state recommended the sentences be served concurrently. The court of appeal noted the plea agreement did not include a provision that the trial court would impose concurrent sentences. The court stated the "agreed upon plea" was not an "agreed upon sentence," but only an agreement that the state would make a particular recommendation. The trial court informed the defendant that there was only a recommendation and the court would impose a sentence after considering the pre-sentence investigation report and other factors.

*Id*. at 1232.

A review of Defendant's guilty plea transcript confirms that the State recommended a twenty-five-year sentence and that the trial court stressed to Defendant that it was not bound by the recommendation. Therefore, we find Defendant is not restricted by La.Code Crim.P. art. 881.2 in seeking review of his sentence. *Higginbotham*, 843 So.2d 1230.

Defendant contends that the trial court summarily disregarded his rights by denying him a sentencing hearing, which effectively denied him access to the court. He cites *State v. Telsee*, 388 So.2d 747 (La.1980), in support of his argument. In *Telsee*, the supreme court stated:

> Pre-sentence hearings are not required by our Code of Criminal Procedure, but this Court has held that the due process guarantee of Article 1, Section 2 of the Louisiana Constitution requires that a defendant be given an opportunity to rebut false or invalid data of a substantial nature, to which the sentencing judge is exposed, where there is a reasonable probability that it may have contributed to the harshness of the sentence. *State v. Richardson*, 377 So.2d 1029 (La.1979); *State v. Bosworth*, 360 So.2d 173 (La.1978); *State v. Underwood*, 353 So.2d

4

1013 (La.1977). Due process does not necessarily require a full scale evidentiary hearing, *State v. Bosworth*, 360 So.2d at 176, but due process and fairness values require that a defendant be afforded an opportunity to deny or explain prejudicial information otherwise secret to the judge himself. *State v. Richardson, supra*; *State v. Bosworth, supra*.

. . . .

An opportunity to present information at a pre-sentence hearing is of particular importance when the defendant pleads guilty because it may be his only chance to effectively present his version of the offense and his version of mitigating factors.

In addition to insuring that the information the trial judge relies upon in sentencing is accurate, an in-court proceeding prior to sentencing provides defendant an opportunity to present the court with information which he believes is relevant to the sentencing process and may aid the judge in the exercise of his sentencing discretion. It contributes to rehabilitation and promotes respect for the judicial process by facilitating the imposition of sentence in a manner which inclines the defendant's family and friends and perhaps defendant himself to believe that while the sentence may not be to their liking, defendant was given an opportunity to be heard before being sentenced and he was not singled out for sentencing in an arbitrary fashion. *See* ABA Standards of Criminal Justice Relating to Sentencing Alternatives and Procedures, Comment to Standard 5.4 (1968); Hall, George, and Force, Criminal Law and Procedure 1132 (1976).

*Id*. at 750-51 (footnotes omitted).

The defendant in *Telsee* did not allege that his guilty plea was not voluntary; instead, he maintained that he was induced to forego a request for a pre-sentence hearing by the trial court's assurance that it would not "hang" him. However, the trial court then imposed a near maximum sentence. The defendant's sentence was vacated, and the matter was remanded to the trial court for a pre-sentence hearing and resentencing, "if only out of a concern for the appearance of fairness and to encourage respect for the judicial process." *Id*. at 751.

The facts of this case are significantly different from those in *Telsee*. Unlike *Telsee*, Defendant had been sentenced previously, and he did not challenge the length

5

of his sentence when originally sentenced. The record reflects that when he was originally sentenced, Defendant's sentencing occurred immediately after the acceptance of his guilty plea. During his *Boykinization*, the State informed the trial court of the joint sentence recommendation which formed, in part, the basis for the plea agreement, and thus, upheld its part of the plea agreement.

The trial court accepted the plea, followed the recommendation, and imposed a twenty-five-year sentence. Defendant allowed the trial court to proceed with his sentencing immediately following his guilty plea without objection. He did not request an opportunity to present evidence at that time, object to the trial court's imposition of sentence without the taking of evidence, or file a motion to reconsider sentence. Additionally, unlike the defendant in *Telsee*, Defendant was not induced to forego a request for a pre-sentence hearing by assurances by the trial court that it would not impose a burdensome sentence. Instead, Defendant, while represented by counsel, made no attempt to present evidence to rebut data or information that he considered false, invalid, or prejudicial.

Furthermore, Defendant was not sentenced in an arbitrary fashion, nor did he receive a near-maximum sentence. In fact, the record reflects that Defendant was originally sentenced and resentenced to the exact amount of time he bargained to receive, as evidenced by his plea agreement. He pled guilty to the lesser-included offense of forcible rape, significantly reducing his sentencing exposure, for the State's agreement to recommend a twenty-five-year sentence. In choosing to impose the recommended sentence, the trial court had no reason to take evidence at the Defendant's original sentencing or his resentencing.

Lastly, at Defendant's second resentencing when he attempted to submit evidence, Defendant did not claim that such evidence served to rebut false or invalid data of a substantial nature which contributed to the harshness of his sentence, and he does not now claim that his sentence was unduly harsh. Considering the distinct differences between the facts of *Telsee* and the instant case, the purpose of *Telsee* in protecting a defendant from being singled out for sentencing in an arbitrary fashion is not applicable to the instant case.

A review of the jurisprudence reveals that some courts have chosen to consider evidence at resentencings, while others have refused to do so. In *State v. Brown*, 98-1633 (La.App. 1 Cir. 5/14/99), 737 So.2d 882, the trial court held a full-scale hearing and considered a host of information and evidence, including the entire trial record, for the purpose of resentencing the defendant, and in *State v. Wimberly*, 618 So.2d 908 (La.App. 1 Cir.), *writ denied*, 624 So.2d 1229 (La.1993), the appellate court found no error in the trial court's consideration of a pending murder charge for the purpose of the defendant's resentencing. *See also State v. Young*, 556 So.2d 1321 (La.App. 3 Cir. 1990).

In *State v. Jones*, 473 So.2d 66 (La.App. 3 Cir. 1985), however, the court did not allow evidence at resentencing. The defendant argued that the trial court erred in denying his motion to produce additional testimony prior to resentencing and in refusing to allow him to make a proffer of evidence. At resentencing, the trial court asked defense counsel if he had anything to tell him. In response, defense counsel attempted to put on testimony; the trial court denied the request. In affirming the trial court's ruling on appeal, this court stated:

> The defendant had the opportunity at that time to deny or explain adverse information which is prejudicially false or misleading, but did

7

not have the right to a full-scale evidentiary hearing on such false information. *State v. Bosworth*, 360 So.2d 173 (La.1978). There is no requirement that the defendant be allowed to present any other evidence at a sentencing hearing in a non-capital case.

*Id*. at 71.

Considering the specific facts of the instant case in light of jurisprudence discussed herein, we find that Defendant was not denied his constitutional right to due process of law and fundamental fairness. He does not claim, nor does he show, that he was induced to forego an evidentiary hearing before he was first sentenced. Instead, he received the recommended sentence upon which his plea bargain was based. He does not allege or show that he was sentenced in an arbitrary fashion, and as a result, received a harsh sentence. Additionally, Defendant's sentence was significantly less than the maximum possible sentence.[2] This alleged error is without merit.

### *Disposition*

Defendant's sentence is affirmed.

**AFFIRMED.**

> This opinion is NOT DESIGNATED FOR PUBLICATION.
> Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

[2]The maximum sentence for forcible rape is forty years; at least two years of the sentence must be imposed without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1.

8