# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-904

**STATE OF LOUISIANA**

**VERSUS**

**J.P.F.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72643
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**SAUNDERS, J., dissents and assigns reasons.**

**SENTENCE VACATED. REMANDED FOR RESENTENCING.**

**Asa Allen Skinner**
**District Attorney, Thirtieth Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**Telephone: (337) 239-2008**
**COUNSEL FOR:**
**Plaintiff/Appellee - State of Louisiana**

**Ted R. Broyles, II**
**Appeal Counsel**
**4514 Beaver Creek**
**Greenwell Springs, LA 70739**
**Telephone: (225) 765-0237**
**COUNSEL FOR:**
**Plaintiff/Appellee - State of Louisiana**

S. Christie Smith, IV
Elizabeth B. Carr
The Smith Law Firm, LLP
P. O. Drawer 1528
Leesville, LA 71496-1528
Telephone:  (337) 239-2244
COUNSEL FOR:
      Defendant/Appellant - J.P.F.

Terry Wayne Lambright
100 S. Third Street - Suite A
Leesville, LA 71446
Telephone:  (337) 239-6557
COUNSEL FOR:
      Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

The defendant, J.P.F.,[1] entered an *"Alford* plea"[2] to two counts of attempted aggravated oral sexual battery pursuant to La.R.S. 14:27 and La.R.S. 14:43.3. The trial court sentenced J.P.F. to two concurrent sentences of twenty years at hard labor. The trial court denied J.P.F.'s motion to reconsider sentence, and J.P.F. appealed. Because we find J.P.F.'s due process rights were violated, we vacate his sentence and remand for resentencing.

I.

## ISSUE

We shall consider whether the trial court violated the defendant's due process rights when, in sentencing the defendant, it relied on prejudicial information of which the defendant had no notice, nor did he have an opportunity to deny, explain, or rebut this information.

II.

## FACTS

At the plea hearing in this case, the State maintained that in 2007, while J.P.F. was watching movies with C.B., his nine-year-old step-daughter, J.P.F. had C.B. rub her face on his "private area." The State also asserted that J.P.F. engaged in the same conduct with his eleven-year-old daughter, J.F.

In the record, the investigative progress report contains more detailed

---

[1] Defendant's initials will be used throughout this opinion to protect the victims' identities. La.R.S. 46:1844(W); Uniform Rules—Courts of Appeal, Rule 5–2.

[2] An *Alford* plea, also known as a "best interest plea," is a guilty plea that includes a claim of factual innocence, made pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

allegations of J.P.F.'s conduct.[3]  For example, J.F. reported that J.P.F. had her play "horsey" with him whereby she would have to get on top of him and ride him like a horsey, usually without clothes or underwear.  J.F. also stated that J.P.F. "would try to put his personal place inside of her."  The same report contains C.B.'s statement that J.P.F. "did touch her on her forehead with his penis."  Nonetheless, the record does not contain any information as to whether J.P.F. engaged in similar criminal activities with any other persons.

At sentencing, the trial court relied on the information contained in the record described above.  The trial court also noted J.P.F.'s excellent academic achievements and that the court received letters from his family describing a family history of alcohol abuse.  The letters also described J.P.F.'s baptism and his commitment to lead a Christian life.  The trial court mentioned a letter it received from one of the victims expressing the debilitating effect of J.P.F.'s actions on her life.  Finally, the trial court stated that some of the letters indicated that J.P.F. "may have engaged in this conduct with other persons as well in the past."  The trial court sentenced J.P.F. to twenty years on each count to run concurrently.

The trial court's statement that J.P.F. may have conducted himself in the same manner with other persons is the subject of J.P.F.'s due process violation claims.  He argues that he had no notice that the trial court had this information and would rely upon it at sentencing.  He further maintains that the statement was devoid of any details and that he was not given an opportunity to deny, explain, or rebut this allegation.

While J.P.F. did not object at sentencing, in his motion to reconsider

---

[3]During oral argument, counsel for the defendant argued that the investigative report did not contain these details.  Counsel also maintained that these allegations were not in the record on the pages the State assigned to them in its brief.  While these details are not on the pages of the record the State alleged in its brief, they are in the record nonetheless.  Therefore, the defendant was aware of these allegations.

sentence, he complained that the trial court relied upon evidence not properly before the court, including allegations of other crimes. He, thus, preserved the issue for appeal. La.Code Crim.P. art. 881.1(E). Moreover, when the interest of justice clearly requires it, this court has authority to review issues not submitted to the trial court. Uniform Rules—Courts of Appeal, Rule 1–3.

## III.

## **LAW AND DISCUSSION**

### **Notice**

"Due process and fairness require the sentencing court to disclose data unknown to the defendant upon which the court relies in imposing a sentence on the defendant." *State v. Cottingin*, 476 So.2d 1184, 1187 (La.App. 3 Cir. 1985) (citing *State v. Bosworth*, 360 So.2d 173 (La.1978); *State v. Underwood*, 353 So.2d 1013 (La.1977)). The court must make these disclosures regardless of whether the information comes from a pre-sentence investigation report or from another source. *State v. Telsee*, 388 So.2d 747 (La.1980). The "defendant must be given access to derogatory information unless the judge determines[,] after an in camera examination[,] that the material should be withheld because it is not relevant or was obviously intended to be confidential." *Id*. at 750 (citing *State v. Segers*, 357 So.2d 1 (La.1978); *Bosworth*, 360 So.2d 173; *State v. Owens*, 377 So.2d 316 (La.1979)). Even when the information is confidential, the court "should convey the substance of the information to [the] defendant." *Id*. (citing *State v. Richardson*, 377 So.2d 1029 (La.1979)).

Here, although J.P.F. reviewed non-confidential portions of the pre-sentence investigation report, the report contained no information regarding allegations of other crimes. The record submitted to this court is also devoid of any

3

information with respect to J.P.F.'s similar behavior towards other persons. It is, therefore, clear that J.P.F. had no notice of the existence of such information nor that the trial court would rely upon it in sentencing. Thus, the trial court violated J.P.F.'s due process rights.

**Opportunity to Deny, Explain, or Rebut**

The due process rights of a defendant do not stop at mere awareness of the information that will be used against the defendant in sentencing. Although a pre-sentence hearing is not required, the due process guarantee "requires that a defendant be given an opportunity to rebut false or invalid data of a substantial nature, to which the sentencing judge is exposed, where there is a reasonable probability that it may have contributed to the harshness of the sentence." *Telsee*, 388 So.2d at 750 (citing *Richardson*, 377 So.2d 1029; *Bosworth*, 360 So.2d 173; *Underwood*, 353 So.2d 1013)).

Here, the trial court's pronouncements indicate a reasonable probability that the allegations of J.P.F.'s engagement in the same conduct with other persons may have contributed to the harshness of the sentence. While it is unknown whether these allegations are true or not, J.P.F. should certainly have been given an opportunity to deny, explain, or rebut them.

It is true that "[i]n the absence of allegations of mistake or falsehood, evidence of uncharged offenses is admissible and is a valid factor for consideration in sentencing." *State v. Rankin*, 563 So.2d 420, 424 (La.App. 1 Cir. 1990). Yet, the issue in this case is not whether the letter containing allegations of similar conduct is admissible or could be relied upon by the sentencing judge. It is whether J.P.F. had an opportunity to deny the allegations. Thus, J.P.F., because he had no notice of these allegations, was not given a chance to even assert mistake or falsehood.

4

J.P.F. did not offer any specific refutation of the allegations. Yet, it may have been not because they were true but because J.P.F. had no notice of those allegations, no knowledge of the details of those allegations, and, thus, no opportunity to deny, explain, rebut, or show that they were false. Based on this, not only did J.P.F. not have an opportunity to deny, explain, or rebut these allegations, he also did not have an opportunity to object to their admissibility based on mistake or falsehood. Therefore, the trial court's failure to allow J.P.F. an opportunity to deny, explain, or rebut the allegations of prior similar conduct also constitutes a violation of J.P.F.'s due process rights.

## IV.

## <u>CONCLUSION</u>

This court concludes that J.P.F.'s due process rights were violated when the trial court failed to give notice and opportunity to deny, explain, or rebut allegations of J.P.F.'s similar conduct with other persons. Therefore, this court vacates J.P.F.'s sentence and remands the case for resentencing.

**SENTENCE VACATED. REMANDED FOR RESENTENCING.**

**SAUNDERS, Judge**

I would affirm. Our jurisprudence is replete with cases in which sentencing courts reviewed letters from private individuals. See *State v. Harris*, 07-124 (La.App. 5 Cir. 9/25/07), 968 So.2d 187, *State v. Dondis*, 488 So.2d 454 (La.App. 3 Cir. 1986), and *State v. Rankin*, 563 So.2d 420 (La.App. 1 Cir. 1990). In this case, the trial courts reason suggest its sentence is based on the disgusting nature of the offense and harm to the victim, not the correspondence in question. Accordingly, I respectfully dissent.