STONE, J.
*634 The defendant, Jamie Roshard Woods, pled guilty to one count of illegal possession of stolen goods in excess of $1,500 pursuant to La. R.S. 14:69(B)(1). He was sentenced to 8 years at hard labor with credit for time served. The defendant now appeals his sentence on the grounds of constitutional excessiveness. For the following reasons, we affirm his conviction, vacate his sentence and remand for resentencing in accordance with the penalty provisions in effect at the time of the commission of the offense.
FACTS
On November 5, 2017, Jamie Roshard Woods attempted to sell a stolen four-wheeler to law enforcement officers in Bossier Parish. Woods was arrested and charged with one count of illegal possession of stolen things valued over $1,500. On February 27, 2018, Woods pled guilty as charged after being informed of and waiving his constitutional rights with no agreement as to sentencing, and the trial court ordered a presentence investigation report.
Woods appeared for sentencing on May 22, 2018.[1] Prior to imposing sentence, the trial court noted its review of the presentence investigation report and consideration of the guidelines of La. C. Cr. P. art. 894.1, which required the court to balance aggravating and mitigating factors to determine Woods' overall sentencing exposure.
During sentencing, the trial court noted that consideration was given to the defendant's social history, including upbringing, education and background, and that "a lot of weight" was given to criminal history. To that point, the trial court expressed that Woods lacked "a good criminal history." Although the present offense is Woods' only crime in Louisiana, the trial court noted Woods' criminal history began in 2004 and even spanned across "several cities throughout Oklahoma and Texas."
After reviewing Woods' criminal history, the trial court determined that Woods was not eligible for probation, had several previous crimes of violence on his record and that any lesser sentence than the one imposed would deprecate the seriousness of the present offense. The trial court considered the "repetitive nature" of Woods' criminal history and imposed a sentence of 8 years at hard labor, with credit for time served.
Thereafter the trial court informed Woods of his appellate delays including delays for seeking post-conviction relief."[2]
*635 On May 24, 2018, Woods filed a motion to reconsider sentence raising only an excessive sentence claim, but without any specific argument. On May 24, 2018, the trial court summarily denied Woods' motion. This appeal ensued.
DISCUSSION
On appeal, Woods argues that his 8-year sentence for illegal possession of stolen things with a value of $1500 or more is excessive under the circumstances pointing out that under the current version of La. R.S. 14:69(B), the maximum sentence exposure is only 5 years with or without hard labor. For this reason, Woods asserts that the penalty change is dramatic because it reduces the maximum sentence that can now be imposed by half under the statute and warrants consideration in determining whether his sentence is excessive.
It is the settled rule in Louisiana that an offender's punishment is determined according to the law in effect at the time he committed his crime. State v. LeBlanc , 14-0163 (La. 1/9/15), 156 So.3d 1168, citing State v. Sugasti, 01-3407 (La. 6/21/02), 820 So.2d 518 ; and State v. Parker, 03-0924 (La. 4/14/04), 871 So.2d 317.
From June 29, 2015 until July 31, 2017, La. R.S. 14:69(B)(1) provided:
Whoever commits the crime of illegal possession of stolen things, when the value of the things is one thousand five hundred dollars or more, shall be imprisoned with or without hard labor for not more than ten years, or may be fined not more than three thousand dollars, or both.
2017 La. Acts 281 § 1, effective August 1, 2017, re-designated La. R.S. 14:69 to include Section (B)(3) which now provides as follows:
When the value of the stolen things is one thousand dollars or more, but less than a value of five thousand dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than three thousand dollars, or both.
This Court can on its own motion review errors discoverable by a mere inspection of the pleadings, such as a sentence not sanctioned by statute. La. C. Cr. P. art. 920(2) ; State v. Cain , 382 So.2d 936 (La. 1980) ; State v. Wymore , 377 So.2d 283 (La. 1979), cert. denied , 447 U.S. 935, 100 S.Ct. 3038, 65 L.Ed.2d 1130 (1980) ; State v. Lindsey , 351 So.2d 1178 (La. 1977).
In the matter sub judice , the record does not reflect the value of the property involved in the crime. The law in effect at the time Woods committed the present offense on November 5, 2017, permitted a maximum sentence of not more than 5 years under La. R.S. 14:69 (B)(3), if the property value was $1, 000 or more, but less than $5, 000. The record reveals that the trial court sentenced Woods to 8 years at hard labor, with credit for time served. Thus, the trial court erroneously sentenced Woods under La. R.S. 14:69(B)(1), which had been restructured July 31, 2017. As such, we pretermit any discussion of the defendant's claim of excessive sentence.
Accordingly, we affirm Woods' conviction, vacate his sentence, and remand this matter to the trial court for resentencing in accordance with the penalty provisions in effect at the time of the commission of the offense. At the resentencing, the trial court is not precluded from conducting a *636 full evidentiary hearing to determine the value of the stolen items prior to reimposing the sentence. See State v. Brown, 98-1633 (La. App. 1 Cir. 5/14/99), 737 So.2d 882 ; State v. Wimberly , 618 So.2d 908 (La. App. 1 Cir. 1993), writ denied , 624 So.2d 1229 (La. 1993) ; State v. Young , 556 So.2d 1321.
CONCLUSION
For the foregoing reasons, Woods' conviction is affirmed, his sentence is vacated and this matter is remanded to the trial court for resentencing in accordance with the penalty provisions in effect that the time of the commission of the offense and the actual property value.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

At the time of sentencing, the trial court also denied Woods' motion to withdraw his guilty plea.

The trial court's instruction to Woods regarding the time limits for filing post-conviction relief was incomplete for failing to properly advise Woods that he had two years from the date that his "judgment of conviction and sentence become final," to seek post-conviction relief under La. C. Cr. P. art. 930.8. State v. Mazique , 09-845 (La. App. 5 Cir. 4/27/10), 40 So.3d 224, writ denied , 10-1198 (La. 12/17/10), 51 So.3d 19 ; State v. Grant , 04-341 (La. App. 5 Cir. 10/26/04), 887 So.2d 596. However, Woods' sentence is being vacated and he will be resentenced; therefore, any corrective action on this error patent is unnecessary at this time.