843 So.2d 1230 (2003)
STATE of Louisiana
v.
David A. HIGGINBOTHAM.
No. 03-49.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
Hon. William E. Tilley, District Attorney30th Judicial District Court, Terry Wayne Lambright, Leesville, LA, for Plaintiff/AppelleeState of Louisiana.
S. Christie Smith IV, The Smith Law Firm, Leesville, LA, for Defendant/AppellantDavid A. Higginbotham.
Court composed of Ulysses GENE THIBODEAUX, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
THIBODEAUX, Judge.
David A. Higginbotham, Defendant, pled guilty to exploitation of the infirm, one count of simple burglary, and two counts of theft. He was sentenced as follows:
1) exploitation of the infirmsix years at hard labor, a one thousand dollar fine, cost of court, and restitution in the amount of seven hundred dollars;
2) simple burglaryeight years at hard labor, a one thousand dollar fine, and cost of court; and
3) theft over five hundred dollars(on each count) eight years at hard labor, a seven hundred fifty dollar fine, and cost of court.
The sentences on the burglary and theft charges were ordered to run concurrent *1231 with each other and the sentence the Defendant was then serving. The sentence on exploitation of the infirm was ordered to run consecutive to the other sentences.
After the trial court denied the Defendant's motion to reconsider sentence, he appealed and complains of the consecutive nature of his sentence. We vacate the sentence imposed for exploitation of the infirm and remand for resentencing after full consideration of the plea agreement. All other sentences are affirmed.

CONSECUTIVE SENTENCE
The Defendant contends the court committed reversible error when, contrary to the State's recommendation to impose the Defendant's sentences concurrently on multiple counts, it sentenced the Defendant to serve consecutive terms of imprisonment, and that recommendation was the motivating factor in obtaining the Defendant's guilty plea.
The plea agreement entered into by the Defendant was set out by defense counsel as follows:
BY MR. SMITH:
That's correct. Pursuant to the agreement to be made part of the record shortly, countMr. Higginbotham would move to withdraw his formerly tendered plea of not guilty to count one on 62,427 and tender a plea of guilty, acknowledging restitution on count two, if there is restitution owed. And, he would move to withdraw his formerly tendered plea of not guilty to counts two, three, and four on 62,428. In exchange for those pleas, the state will nolle proswill dismiss counts two on 4on 62,427, counts one and five on 62,428, recommended concurrent sentencing on those four felonies to which he pleas today with each other and with the time he is currently serving. (EXACTLY AS STATED THROUGHOUT).
BY THE COURT:
All right. Is that your plea, Mr. Higginbotham?
BY MR. HIGGINBOTHAM:
Yes, sir.
After the plea agreement was read by defense counsel, the Defendant indicated to the court that he understood and signed the guilty plea form and that he had no questions regarding the form.
The judge went on to discuss the Defendant's understanding of the plea agreement as follows:
Q. All right. Now, the plea agreement as cited by Mr. Smithdid you hear him cite that?
A. Yes, sir.
Q. And, is that your understanding of the plea agreement?
A. Yes, sir.
Q. Is there anything that he didn't mention that you think is part of the deal or believe is part of the deal?
A. No, sir.
The trial judge did not discuss the actual terms of the recommendation with the Defendant nor did it advise the Defendant that it was not bound by the recommendation.
On November 13, 2002, the Defendant was sentenced. The judge recited the terms of the plea agreement as follows:
He entered a plea of guilty on these counts in these bills on September the 4th, 2002 and the plea agreement was that the state would dismiss count two in 62,427 and count one and five in 62,428 and there was also an agreement or recommendation as to concurrency on the counts in 62,428 and concurrency with any prior sentence that he's subject to on that bill of information. *1232 The sentences on the simple burglary and theft charges were ordered to run concurrent with each other and the sentence the Defendant was then serving. The sentence on exploitation of the infirm was ordered to run consecutive to the other sentences.
On November 13, 2002, Defendant filed a Motion to Reconsider Sentence asserting the following: "Defendant herein requests the Court to reconsider the sentence imposed due to the excessiveness of said sentence, and that defendant understood his sentence would run concurrently by plea bargain." The motion was denied on November 18, 2002.
Defendant admits there was no agreement regarding the length of the sentences he would receive. However, he alleges that he understood and the State recommended that those sentences were to run concurrent with each other and with the sentence he was currently serving. The State agrees the understanding between all parties was that the Defendant would receive concurrent sentences on all charges.
It is well settled that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both the State and the defendant. The trial judge may accept or reject a joint sentence recommendation. State v. Collins, 359 So.2d 174 (La.1978); State v. Rios, 95-00961 (La.App. 3d Cir.3/6/96), 670 So.2d 708; State v. Barnes, 596 So.2d 302 (La.App. 3d Cir.1992).
State v. Robinson, 33,921, p. 2 (La.App. 2 Cir. 11/1/00); 770 So.2d 868, 870.
There is a distinction between an "agreed upon plea" and an "agreed upon sentence." In Robinson, the defendant entered into an agreement wherein he plead guilty to two counts of a lesser crime of simple burglary and the state recommended the sentences be served concurrently. The court of appeal noted the plea agreement did not include a provision that the trial court would impose concurrent sentences. The court stated the "agreed upon plea" was not an "agreed upon sentence," but only an agreement that the state would make a particular recommendation. The trial court informed the defendant that there was only a recommendation and the court would impose a sentence after considering the pre-sentence investigation report and other factors.
In this case, the record indicates that counsel for Defendant presented the plea agreement to the court, indicating the State recommended Defendant's sentences run concurrently. Therefore, the plea agreement contained an "agreed upon plea" and not an "agreed upon sentence." The parties agreed that a recommendation would be made and that recommendation was presented to the court. Accordingly, the State did not breach the plea agreement and the Defendant has not alleged that the plea agreement was breached.
However, we note the plea agreement, as recited by the court at sentencing, differed from that entered on the record by defense counsel at the time the Defendant entered his guilty plea. We cannot determine from the record whether the court intended to follow the recommendation set out at Defendant's guilty plea or whether the court intentionally deviated from that agreement which, of course, it can do. In brief to this court, the State requests that this case be remanded for resentencing in accordance with the plea agreement. Furthermore, the State asserts the understanding between "all parties" was that the Defendant would receive concurrent sentences on all charges. Accordingly, we order the Defendant's sentence on exploitation of the infirm, as this *1233 is the only sentence not in conformity with the recommendation, be set aside and this matter remanded for resentencing on this count after full consideration of the recommendation.

REFUSAL TO CONDUCT A HEARING ON THE MOTION TO RECONSIDER SENTENCE
The Defendant contends the court's failure to follow the State's recommendation was compounded by the court's refusal to hear the Defendant's Motion to Reconsider Sentence, at which time the Defendant could have given testimony regarding his belief that, in return for his guilty plea, he was to receive concurrent sentences.
Defendant contends the following was the basis of his appeal:
David was denied a hearing at which time he could have established his belief that he was to receive concurrent sentences and prevail upon the court to honor the plea agreement. Had the court still not been amenable to imposing the sentences concurrently, then the court could have permitted him to withdraw his guilty pleas. The Motion to Reconsider Sentence having been denied ex parte, however, there was no forum in which David could establish these facts.
The defendant maintains that his plea was, therefore, involuntary and subject to recision. This assertion is supported by case law that requires the court to confirm that defendants' "guilty" pleas are knowingly entered into. In cases where there the court has rejected the plea bargain, the defendant has been given the opportunity to withdraw his plea. Even in cases where there has been no bargain, but the defendant reasonably believed there was, the defendant has been allowed to withdraw his plea. Such should be the case with facts appealed in this matter.
Accordingly, David prevails upon this court to vacate the sentence imposed and remand this case to the trial court for further proceedings to obtain evidence of David's understanding of the plea agreement, and, if the evidence warrants it, to allow David to withdraw his "guilty" plea.
In the motion to reconsider sentence, the Defendant never alleged his plea was involuntary or asked to withdraw his plea. Even if a hearing was held on Defendant's motion, that hearing would not have been the proper forum to address the withdrawal of, or the voluntariness of the Defendant's plea. Furthermore, pursuant to La. Code Crim.P. art. 881.1(C) a trial court may deny a motion to reconsider sentence without a contradictory hearing. Accordingly, Defendant was not entitled to an evidentiary hearing. See State v. Ford, 624 So.2d 32 (La.App. 2 Cir.1993).

CONCLUSION
The Defendant's convictions are affirmed. The Defendant's sentence for exploitation of the infirm under La.R.S. 14:93.4 is vacated and this matter is remanded for resentencing on that count after full consideration of the plea agreement. Defendant's remaining sentences are affirmed.
CONVICTIONS AFFIRMED. SENTENCE FOR EXPLOITATION OF THE INFIRM IS VACATED. REMANDED FOR RESENTENCING. ALL OTHER SENTENCES AFFIRMED.