GAIDRY, J.
|aN.H., a child, was alleged to be delinquent by petition # 7911 JJ based on one count of possession with intent to distribute a “legend drug” within one thousand feet of . property used for school purposes (count I), a violation of La. R.S. 40:981.3. Additionally, he was alleged to be delinquent by petition # 7912JJ based on two counts of battery of a correctional officer (counts I and III), violations of La. R.S. 14:34.2; one count of second degree battery (count II), a violation of La. R.S. 14:34.1; three counts of battery of a school teacher (counts IV, V, and VIII), violations of La. R.S. 14:34.3; one count of possession of cocaine (count VI), a violation of La. R.S. 40:967(C); and one count of “riot,”[1] (count IX), a violation of La. R.S. *29 14:329.1. The child initially pled not true on all counts. Thereafter, pursuant to a “sentencing agreement,” the child pled true to petition # 7911JJ, count I, following amendment of the charge to one count of violation of La. R.S. 40:1238.1, prohibiting sale, distribution, or possession of a legend drug without a prescription or order, and pled true to petition # 7912JJ, counts V and IX, and the State dismissed the remaining counts against him.[2] On petition # 7911JJ, count I, the court imposed a disposition of eighteen months in the custody of the State, Office of Youth Development. On petition # 7912JJ, count V, the court imposed a disposition of six months in the custody of the State, Office of Youth Development. On petition # 7912JJ, count IX, the court imposed a disposition of eighteen months in the custody of the State, Office of Youth ^Development. The court ordered that the dispositions would be served concurrently with one another and recommended mental health and drug counseling for the child. Additionally, in the event of early release on parole, the court ordered the child to pay restitution for medical bills. The child moved for a new dispositional hearing and to transfer disposition to a proper venue, but the motion was denied. He now appeals, designating the following assignments of error:
1. The trial court committed legal error in failing to determine whether the factors listed in La. Ch.Code art. 315(B) were present, and if so, in failing to transfer the dispositional hearing to the Twenty-first Judicial District Court.
2. The trial court committed legal error in failing to conduct a dispositional hearing as required by La. Ch.Code arts. 892 et seq.
3.The trial court committed legal error in failing to abide by the requirements of La. Ch.Code art. 903(A) before entering disposition.
For the following reasons, we affirm the adjudication of delinquency and the dispositions on petition # 7911JJ, count I, and petition # 7912JJ, counts V and VIII.

FACTS

Due to the child’s guilty plea, no witnesses testified concerning the facts in this matter. However, in connection with his pleas of true, the child conceded that he was in court due to an incident at school that caused harm to a teacher and due to his possession of a legend drug. Additionally, the record contains a case narrative concerning the charges under petition # 7912JJ. According to the narrative, the child indicated that the disturbance at •Northshore Options (an alternative school in Mandeville) resulted from animosity between two groups of individuals, one from Hammond and one |4from Bogalusa, attending the facility. On the morning of February 20, 2008, fights broke out between the individuals after the child made a comment about another individual and that individual began to “buck up” to him.

LA. CODE CRIM. P. ART. 881.2(A)(2)

The State argues that the instant appeal should not be considered because the adjudication and dispositions herein were entered pursuant to a counseled plea agreement, and under La. Ch.Code art. 803, where procedures are not provided in the Children’s Code, the court should pro- *30 ceed in accordance with the Code of Criminal Procedure. See also La. Ch.Code art. 104 (“Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with: (1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.”). The State argues, under La.Code Crim. P. art. 881.2(A)(2), the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. The State also cites State ex rel. J.C.O., 38,661, p. 7 (La. App.2d Cir.6/2/04), 877 So.2d 1020, 1025, wherein the court stated “[t]he juvenile's counseled decision to admit the allegations in the petition in exchange for a sentencing cap was an agreement in his favor, and he is not, in the absence of a ruling on a motion to modify the disposition based on specific grounds, entitled to appellate review of the disposition.” The court then noted that even if it were to review the disposition on the theory that the juvenile was misled into believing that he was entitled to appeal the disposition, it would not find the disposition constitutionally excessive. State ex rel. J.C.O., 38,661 at p. 8, 877 So.2d at 1025.
The Children’s Code does not contain an equivalent provision to La.Code Crim. P. art. 881.2(A)(2). Indeed, the Children’s Code favors review |Bof dispositions. With the exception of dispositions imposed on certain offenses (none of which are involved here), La. Ch.Code art. 909 provides “after the entry of any order of disposition, the court retains the power to modify it[.]” Accordingly, we will consider the assignments of error.

TRANSFER OF PROPER VENUE

In assignment of error number 1, the child argues the Twenty-second Judicial District Court (St. Tammany Parish) erred in failing to transfer the case to the Twenty-first Judicial District Court (Tan-gipahoa Parish) because he was domiciled in Tangipahoa Parish and on probation there. The child argues the petitions filed against him indicated he was domiciled in Tangipahoa Parish. He also claims a progress report filed in the record informed the court there was a request for a probation hold on him.
Louisiana Children’s Code art. 315, in pertinent part, provides:
A. At any time, the court in which a petition is filed may transfer the case for the convenience of the parties and the witnesses and in the interests of justice to another court having venue according to Article 314.
B. After adjudication, the court in which a petition is filed shall transfer the proceeding if it receives information at any time that both of the following exist:
(1) The child is domiciled with his parent or tutor in another parish.
(2) The court of the child’s domicile has proceedings currently pending before it.
On June 18, 2008, defense counsel advised the court that the child would withdraw his former pleas of not true to the charges and plead true, under petition # 7911JJ, count I, to an amended charge of one count of violation of La. R.S. 40:1238.1 and plead true to petition # 7912JJ, counts V and IX. The court asked the State what it suggested as a disposition, and the State replied eighteen months regular secure detention, a written apology, and ^restitution for medical bills. Defense counsel reserved the child’s rights to a hearing on the restitution, if necessary, and the court imposed disposition in accordance with the suggested disposition.
On August 25, 2008, the child moved for a new dispositional hearing and to transfer *31 disposition to a proper venue. At the hearing on the motion, the defense argued that the child was entitled to a hearing to bring before the court the reasons why he was entitled to certain rehabilitative treatment. The defense further argued the venue for the hearing was the Twenty-first Judicial District Court where other hearings were pending and where the child’s probation was being supervised.
The State responded that the child had been sentenced in conformity with a plea agreement by which the State had reduced “a lot of the charges” in exchange for an eighteen-month disposition. The State indicated that the defense attorney had discussed the plea agreement with the child and his family, and had agreed on the plea agreement and disposition with the State. The State argued the defense had thereby waived the right to a dispositional hearing. In regard to venue, the State argued that venue was proper in the Twenty-second Judicial District Court because the incident had occurred within the court’s jurisdiction.
The court held that venue was proper in the Twenty-second Judicial District Court. The court found that the dispositional hearing had been informally done. The court noted the hearing was not done in a vacuum, and the child had been represented, his parents had been consulted, the probation department had brought the child’s prior conditions and situation to the attention of the court and the attorneys, some charges were dropped, the child agreed to a certain disposition, and that is what he received.
^Initially, we note St. Tammany Parish was a proper venue for this matter as the parish in which the act or offense complained of took place. See La. Ch.Code arts. 314, 805.
The petitions filed in this matter listed a Hammond address for the child. The listing of this address was insufficient to establish that the child was domiciled outside of the jurisdiction of the Twenty-second Judicial District Court. Residence and domicile are not synonymous. A person can have several residences but only one domicile. La. Civ.Code art. 39; McClendon v. Bel, 2000-2011, p. 6 (LaApp. 1st Cir.9/7/00), 797 So.2d 700, 704. The progress report referenced by the child contains a notation, “OYD Request Probation Hold.” This notation was insufficient to establish that “[T]he court of the child’s domicile [had] proceedings currently pending before it.” Accordingly, La. Ch.Code art. 315(B) did not require the Twenty-second Judicial District Court to transfer this case to the Twenty-first Judicial District Court.
Further, the child failed to establish that a transfer was warranted for the convenience of the parties and the witnesses and in the interests of justice. The witnesses and evidence were located in St. Tammany Parish. Additionally, the Twenty-second Judicial District Court also served the interests of justice by considering, rather than transferring, this case. The court’s actions allowed the child to avail himself of a plea bargain which greatly reduced his sentencing exposure. Additionally, a transfer of the case would have required the preparation of certified copies of all legal and social documents and records pertaining to the case. See La. Ch.Code art. 315(C). Accordingly, the Twenty-second Judicial District Court did not abuse its discretion under La. Ch.Code art. 315(A) by not transferring this case to the Twenty-first Judicial District Court.
| ¿This assignment of error is without merit.

DISPOSITION HEARING

In assignment of error number 2, the child argues the court failed to conduct *32 a disposition hearing, and thereby denied him the procedural safeguards associated with his disposition.
Louisiana Children’s Code art. 892 provides:
Prior to entering a judgment of disposition, the court shall conduct a disposition hearing. The disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty days after the adjudication. Such period may be extended for good cause.
Louisiana Children’s Code art. 893 provides:
A. At the disposition hearing, unless the child waives the presentation, the court shall hear evidence as to whether the child is in need of treatment or rehabilitation and shall make and file its findings.
B. All evidence helpful in determining the proper disposition, including oral and written reports, the report of the predisposition investigation, any reports of mental evaluation, and all other evidence offered by the child or the state shall be received by the court and may be relied upon to the extent of its probative value even though not admissible at the adjudication hearing. Upon motion of the district attorney or the child, the court may hear testimony from the victim of the offense.
C. Counsel for the state and for the child shall be afforded an opportunity to present evidence and to examine and controvert written reports so received and to cross-examine individuals preparing the reports or other witnesses who give testimony at the hearing. Sources of confidential information need not be disclosed.
D. If the court finds that the child is in need of treatment or rehabilitation as a delinquent child, the court shall proceed immediately to make any appropriate disposition authorized by Articles 895 through 899.
The trial court correctly concluded that an informal disposition hearing was appropriate in this matter. The defense argues that the | ¡legislature has made no provision for an informal disposition hearing. We disagree. While La. Ch.Code art. 892 requires that the court conduct a disposition hearing, and La. Ch.Code art. 893, “unless the child waives the presentation,” requires that the court hear evidence at the hearing as to whether the child is in need of treatment or rehabilitation. There is no requirement that certain evidence must be heard before a disposition can be rendered. Indeed, by allowing the child to waive the presentation of evidence, La. Ch.Code art. 893 supports the opposite proposition. Any other rule would prevent the court from rendering a disposition if the parties failed to offer “required” evidence.
The child also argues that a sentencing recommendation is not a sentencing agreement, citing State v. Higginbotham, 2003-49 (La.App. 3d Cir.4/30/03), 843 So.2d 1230. In Higginbotham, the trial court imposed a consecutive sentence on one of the four counts before it even though the State, as part of a plea agreement, had recommended that the sentences for all four counts be imposed concurrently. Higginbotham, 2003-49 at pp. 1-2, 843 So.2d at 1230-31. The appellate court held that the State had not breached the plea agreement because it had made a recommendation to the court that the defendant’s sentences be imposed to run concurrently. Higginbotham, 2003-49 at p. 4, 843 So.2d at 1232. The court also recognized that the sentencing discretion of the trial judge could not be limited by a sentence recommended by both the State and the defendant. Higginbotham, 2003-49 at *33 pp. 3-4, 843 So.2d at 1232. The court found that it could not determine whether the trial court had intended to follow the recommendation set out in connection with the defendant’s guilty pleas or had intentionally deviated from that agreement. Higginbotham, 2003-49 at pp. 4-5, 843 So.2d at 1232. The court vacated the consecutive sentence and |10remanded for re-sentencing on the count after full consideration of the sentencing recommendation. Higginbotham, 2003-49 at p. 5, 843 So.2d at 1232-33.
The instant case does not present any issue of breach of a plea agreement or the child’s failure to receive a “recommended” disposition. Accordingly, Higginbotham is inapposite.
The purpose of a disposition hearing is to provide an opportunity for the trial court to receive the information necessary for it to make the appropriate disposition for the child. The court received the necessary information in this case. The State suggested an eighteen-month disposition for the child, and the defense offered no objection, but rather reserved the “right to a hearing on the restitution if necessary.” There would have been no need to make this reservation if a separate disposition hearing was to follow. Indeed, there was no need for such a hearing. Defense counsel had discussed the plea agreement with the child and his family, and had agreed on the plea agreement and disposition with the State. Further, the victim of count five was present in court and available for cross-examination. She stated she believed the child could “do real well,” but had just made a bad decision. Additionally, the office of probation and parole had advised the court and the attorneys concerning the child’s “prior conditions and situation.”
This assignment of error is without merit.

JUDGMENT OF DISPOSITION

In assignment of error number 3, the child contends that the disposition must be vacated because the court failed to comply with La. Ch.Code art. 903(A).
Louisiana Children’s Code art. 903, in pertinent part, provides:
In A. (1) Before entering a judgment of disposition, the court shall orally inform the child and shall state for the record the considerations taken into account and the factual basis therefor in imposing the particular disposition chosen.
The requirement of the above provision requiring that, in imposing a disposition, the court “state for the record the considerations taken into account and the factual basis therefor” is identical to the language contained in La.Code Crim. P. art. 894.1(C) concerning imposition of sentence. Where a specific sentence has been agreed to as a consequence of a plea bargain, there is no need for the trial court to comply with Article 894.1(C). See State v. Mareno, 530 So.2d 593, 601 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988). There is no reason for a different rule under La. Ch.Code art. 903(A).
This assignment of error is without merit.

DECREE

The adjudication of delinquency and dispositions are affirmed. Costs of this appeal are assessed to appellant.
ADJUDICATION OF DELINQUENCY AND DISPOSITIONS ON PETITION # 7911JJ, COUNT I, AND PETITION # 7912JJ, COUNTS Y AND IX AFFIRMED.
GUIDRY, J., dissents in part and assigns reasons.

. There is no offense of “riot." State v. Beavers, 364 So.2d 1004, 1008 n. 1 (La. 1978). *29 The charge, however, was amended to "causing a riot” prior to the child's plea of true to the charge. See La. R.S. 14:329.2.

. The minutes are inconsistent with the transcript concerning the counts to which the child pled "true.” When there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732, 734 (La. 1983).