STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-511

STATE OF LOUISIANA

VERSUS

BRYAN GUILBEAU

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 5293-08
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

**John Foster DeRosier**
**District Attorney**
**14th Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**Carla Sue Sigler**
**Assistant District Attorney**
**14th Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**Pride Justin Doran**
**Doran Law Firm**
**P. O. Box 2119**
**Opelousas, LA 70571**
**(337) 948-8008**
**Counsel for Defendant/Appellant:**
**Bryan Guilbeau**

**GREMILLION, Judge**:

Defendant, Bryan Guilbeau, pled guilty to possession of more than twenty-eight, but less than two hundred grams of cocaine, a violation of La.R.S. 40:967(F)(1)(a). He now complains that he was not asked if he wanted to withdraw his guilty plea when the trial court did not accept the sentencing recommendation to which the State and defense counsel agreed. Defendant seeks to have his sentence vacated so that he may withdraw his plea or confect a new sentencing agreement. Defendant's conviction and sentence are affirmed.

## FACTS

As part of Defendant's plea agreement, the charge of possession of hydrocodone with the intent to distribute was dismissed. Defendant's counsel and the State agreed to recommend the minimum sentence of five years at hard labor, to run concurrently with a sentence Defendant was serving as the result of a conviction in St. Landry Parish.

After this offense occurred, but before his guilty plea and sentencing, Defendant was convicted of possession of cocaine in St. Landry Parish and received a five-year probated sentence. His probation was revoked when he was charged with aggravated battery; a plea which resulted in him serving four years at hard labor.

Based on these additional convictions, the trial court rejected the recommendation of a concurrent five-year sentence. He sentenced Defendant, after considering the factors of La.Code Crim.P. art. 894.1, to ten years at hard labor, to run consecutively to the sentence Defendant was already serving. Prior to the trial court's pronouncement of the sentence, Defendant indicated that he had reviewed his waiver of constitutional rights and guilty plea form with his attorney, and that he had no

1

questions about it. He told the trial court that he understood the sentencing range for the pled offense was five to thirty years at hard labor. When the trial court asked if he had any questions, Defendant responded, "[t]he only question is I just wanted to know, if that charge carries 85%, how much time would I have to serve?," and then stated, "[t]hat was my only question." Defendant also indicated his understanding that the trial court was not bound by the recommendation of a five-year sentence, and that he knew the difference between concurrent and consecutive.

Defendant now complains that he was not asked whether he wanted to withdraw his guilty plea after he learned that the trial court would not follow the recommended sentence.

**ASSIGNMENT OF ERROR NUMBER ONE**

Defendant contends that the trial court erred in accepting his plea as knowing and voluntary because Defendant believed he would receive a pre-determined sentence of five years at hard labor that would run concurrently to the sentence he was serving at the time. He argues that the trial court's failure to honor the recommended sentence rendered his plea constitutionally infirm.

The recommended five-year sentence was, however, not "a pre-determined sentence." It was a sentence the State and defense counsel agreed to recommend to the trial court. This court has recognized "that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both the State and the defendant. The trial judge may accept or reject a joint sentence recommendation." *State v. Higginbotham*, 03-49, pp. 3-4 (La.App. 3 Cir. 4/30/03), 843 So.2d 1230, 1232 (citations omitted), citing *State v. Robinson,* 33,921, p. 2 (La.App. 2 Cir. 11/1/00), 770 So.2d 868, 870.

2

In *Robinson*, the second circuit discussed the distinction between an "agreed upon plea" and an "agreed upon sentence." The defendant agreed to plead guilty to two counts of simple burglary, a lesser crime than the original charge. The State recommended the sentences be served concurrently, but that was not noted in the written plea agreement. When the defendant complained that he did not receive the agreed upon sentence, the court noted that there was only an agreement for the State to make a particular recommendation, not an agreement to a particular sentence, and it affirmed the sentence.

Likewise, in *Higginbotham,* the State recommended the defendant's sentences run concurrently. Because the plea agreement contained an "agreed upon plea" and not an "agreed upon sentence," the plea agreement was not breached when the court did not follow the sentencing recommendation.

Here, Defendant alleges that he entered into the plea agreement solely because he believed he would receive a concurrent five-year sentence. However, that was not a part of the plea agreement. The trial court told Defendant that the sentence the State and his counsel agreed to was only a recommendation, one he was not required to follow. Defendant said he understood, and proceeded with his guilty plea. Defendant may not withdraw that plea simply because the sentence he received turned out to be more than the sentence he expected. "It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking." *State v. Stewart*, 03-976, p. 5 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, 1275 (citations omitted).

Defendant was advised of the rights he waived by a guilty plea, of the maximum sentence he could receive by pleading guilty to his offense, and of the trial court's discretion to disregard the sentencing recommendation. The trial court found his guilty plea to be knowing and voluntary based on Defendant's indication that he understood.

Defendant's plea was knowingly and voluntarily made under these facts. His plea bargain was never based on an agreement that he would receive a five-year sentence; rather, it was based on the agreement that the State and defense counsel would jointly make that recommendation to the trial court. They fulfilled their promise to Defendant. The trial court acted within his discretion in opting not to follow the sentencing recommendation.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant contends the trial court erred by not advising him of his right to withdraw his guilty plea after he became aware that the trial court "would not honor the joint plea promise/bargain." As discussed above, there was no "plea promise/bargain." Rather, there was only a recommendation, and the trial court was not bound to accept it. This assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In his last assignment of error, Defendant contends that the trial court erred in denying his Motion to Withdraw Guilty Plea and/or Reconsider Sentence. "The withdrawal of a guilty plea is within the broad discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised." *State v. Roe*, 05-116, p.8 (La.App. 3 Cir. 6/1/05), 903 So. 2d 1265, 1271, *writ denied*, 05-1762 (La. 2/10/06), 924 So. 2d 163 (citation omitted). For the reasons we have

4

already stated, we find the trial court neither abused its discretion nor acted arbitrarily.

## CONCLUSION

Defendant's conviction and sentence is affirmed.

**AFFIRMED.**