# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1128

**STATE IN THE INTEREST OF**

**K.B.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-2015-839
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

## D. KENT SAVOIE
## JUDGE

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.

### AFFIRMED AND REMANDED WITH INSTRUCTIONS.

**Gremillion, J., dissents and assigns written reasons.**

**Keith A. Stutes**
**Fifteenth Judicial District Attorney**
**Christine Bivins Roberts**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Jane Hogan**
**Public Defender's Office**
**600 Jefferson Street, Suite 902**
**Lafayette, LA 70501**
**(337) 232-9345**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **K.B.**

**SAVOIE, Judge.**

The juvenile, K.B., appeals her sentence after being adjudicated delinquent. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

The State of Louisiana filed a petition in the Third Judicial District Court in Lincoln Parish seeking to have K.B. declared a delinquent because, it alleged, on August 19, 2015, she committed the offense of Aggravated Second Degree Battery with a bottle of bleach upon a member of the staff of the Methodist Children's Home in Ruston.

A hearing was held in the Third Judicial District Court on October 6, 2015. Her attorney entered the following on the record:

> Your Honor, at this time [K.B.] would like to enter an admission as to the charge of aggravated second-degree battery, accept the state's offer of eighteen months OJJ [Office of Juvenile Justice] custody, suspended, with eighteen months' [sic] supervised probation and special conditions, and of course, there will be a transfer to Lafayette.

The trial court then questioned K.B. extensively regarding the admission, including explaining to her that she was agreeing to admit to the offense and be sentenced to eighteen months OJJ custody, which would be suspended, and that she would be subject to eighteen months of supervised probation, which would include substance abuse evaluations. K.B. was advised of her constitutional rights by the trial court. K.B. expressed her acknowledgement and understanding of these terms. The State remained silent through the proceedings and did not express any disagreement with the terms of K.B.'s disposition as explained to the court by K.B.'s attorney.

The trial court pronounced sentence in accordance with the agreement. A bench conference was then held, after which the trial court stated, "Let the record

reflect it's been brought to my attention that it would be practical if I just adjudicate and accept the plea of [K.B.], that I transfer the case to Lafayette for actual disposition and sentencing." K.B.'s attorney agreed that he had discussed the matter with K.B. and she had no objection. The trial court then accepted the plea and ordered the matter transferred to the Fifteenth Judicial District Court.

The Fifteenth Judicial District, which possessed information regarding K.B.'s history, determined that the proper course of action was to proceed with sentencing K.B. to eighteen months in the OJJ custody, with all but six suspended and twelve months' supervised probation. The matter was referred back to the Third Judicial District Court to determine whether K.B. would be allowed to withdraw her admission. K.B.'s counsel objected and asked the court to vacate its sentence, which the trial court denied. K.B. has now appealed her sentence.

## ASSIGNMENTS OF ERROR

K.B. is before this court seeking review of the following assignments of error:

> 1. The Lincoln Parish and Lafayette Parish juvenile courts erred when they arranged for a transfer of K.B.'s case to Lafayette for sentencing after the Lincoln Parish court had accepted K.B.'s plea and imposed a valid and binding sentence.
>
> > a. K.B. is entitled to specific performance of her plea agreement under the law of contracts.
> >
> > b. Refusal of the Lafayette Parish court to sentence K.B. in accordance with her plea agreement in Lincoln Parish rendered K.B.'s admission constitutionally infirm and thus violated her right to due process.
>
> 2. The Lafayette Parish juvenile court erred when it (a) refused to hear evidence at a disposition hearing, (b) refused to recuse itself, and (c) sentenced K.B. to a more restrictive and punitive sentence based upon personal knowledge of K.B.'s history in foster care.

2

# ANALYSIS

*Errors Patent*

We have found that, despite the Louisiana Children's Code's silence on whether a review of the record for errors patent is mandated, such a review is indeed required. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. We note one error patent. The trial court failed to inform K.B. of her two-year prescriptive period for seeking post-conviction relief. *See* La.Code Crim.P. art. 930.8. Accordingly, this case is remanded to the trial court with instructions to inform K.B. of the provisions of La.Code Crim.P. art. 930.8 by sending written notice to K.B. within thirty days of the rendition of this opinion and to file written proof of same in the record.

*Assignment of Error Number One*

K.B. argues that the Third Judicial District Court erred in transferring the matter to Lafayette Parish. We disagree. Louisiana Children's Code Article 805 provides:

> A. A delinquency proceeding shall be commenced in the parish in which the offense complained of took place. The juvenile court shall conduct the adjudication hearing and may also conduct the disposition hearing unless it decides to transfer the case as provided for in Paragraph B of this Article.
>
> B. Upon motion of the district attorney, the child, or upon the court's own motion, after the confection of an informal adjustment agreement or an adjudication that the child is delinquent, the court may transfer the proceeding to the parish in which the child is domiciled.

There is no dispute that K.B. is domiciled in Lafayette Parish. The Third Judicial District Court was statutorily authorized to transfer K.B.'s matter to Lafayette Parish. K.B.'s attorney did not object to the transfer, and indeed acquiesced to it.

3

K.B. next argues that the trial court erred in not imposing the disposition agreed upon between her and the State. Again, we disagree. "It is well settled that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both the State and the defendant. The trial judge may accept or reject a joint sentence recommendation." *State v. Robinson,* 33,921, p. 2 (La.App. 2 Cir. 11/1/00), 770 So.2d 868, 870. Regarding the sentencing discretion of a trial judge, this court in *State v. Higginbotham,* 03-49, pp. 3-4 (La.App. 3 Cir. 4/30/03), 843 So.2d 1230, 1232 (discussing *Robinson*), further explained:

> There is a distinction between an "agreed upon plea" and an "agreed upon sentence." In *Robinson*, the defendant entered into an agreement wherein he plead [sic] guilty to two counts of a lesser crime of simple burglary and the state recommended the sentences be served concurrently. The court of appeal noted the plea agreement did not include a provision that the trial court would impose concurrent sentences. The court stated the "agreed upon plea" was not an "agreed upon sentence," but only an agreement that the state would make a particular recommendation. The trial court informed the defendant that there was only a recommendation and the court would impose a sentence after considering the pre-sentence investigation report and other factors.

After a review of the October 6, 2015 hearing transcript, which was heard in the Third Judicial District Court and wherein K.B. entered a guilty plea, it is clear the juvenile agreed to a *recommendation*. Judge Rogers asked K.B. whether her attorney had explained, "What the sentence *recommendation* [was] by the state if [she] plead[s] guilty to the charge," and she stated, "yes." In addition, Judge Rogers, when addressing her attorney, asked if he had discussed the possible minimum and maximum sentences she could receive as a result of her guilty plea. Her attorney stated that he had. Furthermore, Judge Rogers asked K.B. whether, "based upon the case termination agreement that has been *recommended* by the state," if she was entering an admission of guilt, and she stated, "yes."

4

Judge Rogers sentenced K.B. in accordance with the plea agreement, however, after an off-the-record discussion, rescinded the sentence and transferred the case to the Fifteenth Judicial District Court for sentencing. Judge Rogers specifically asked if K.B. had any objection, and her attorney answered that she did not. When K.B. was sentenced in Lafayette, Judge Duplantier deviated from the recommendation based on his knowledge of her history. He sentenced K.B. to the amount of time set forth in the recommendation, however, instead of suspending all eighteen months, he suspended all but six months.

We find that K.B.'s agreement was an "agreed upon plea", not an "agreed upon sentence." It is within the trial judge's discretion to accept or reject a joint sentence recommendation. A judge is not limited by any recommendation made. Therefore, Judge Duplantier's deviation from the sentencing recommendation was not in error. Based on these reasons, K.B.'s sentence is affirmed.

*Assignment of Error Number Two*

K.B. argues that, because the trial court rendered its disposition without taking evidence, it committed manifest error. We disagree. In *State ex rel. N.H.*, 08-2464 (La.App. 1 Cir. 3/27/09), 11 So.3d 27, the appellate court concluded that an informal disposition hearing was appropriate when sentencing a juvenile defendant. The court determined, "The purpose of a disposition hearing is to provide an opportunity for the trial court to receive the information necessary for it to make the appropriate disposition for the child." *Id.*

In the present case, the trial court received a packet prepared by DCFS which set forth K.B.'s history, however, this was not introduced at the hearing. Further, the police report from Ruston is part of the record, and it includes a detailed report of the incident. A review of the hearing transcript makes it clear

5

that Judge Duplantier was well aware of K.B. and her history. We find no error in the court's disposition without the formal taking of evidence.

Next, K.B. argues that the trial court erred in denying her motion to recuse. Louisiana Code of Criminal Procedure article 671(A)(1) states that "[i]n a criminal case a judge of any court, trial or appellate, shall be recused when he: [i]s biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial." When K.B.'s attorney realized that Judge Duplantier was not going to accept the sentencing recommendation, she orally moved to recuse him. Judge Duplantier denied the motion stating, "The fact that you don't like a judge's sentence is not a motion or a basis for recusal." We agree. The only reason given for recusal was Judge Duplantier's knowledge of K.B. – knowledge which he gained through her time in the court system. This is not a sufficient reason for recusal of a judge. We find no error in the denial of the oral motion to recuse.

Finally, K.B. argues that the trial court erred when it sentenced her to a more restrictive sentence based upon Judge Duplantier's "personal knowledge" of K.B.'s history. We find no merit in this contention. Judge Duplantier did not have "personal knowledge" of K.B. His knowledge came from the packet prepared by DCFS and the Ruston police report which he used to make an informed decision regarding the sentencing of K.B. We find no error in Judge Duplantier's actions.

**DECREE**

K.B.'s disposition is affirmed. The matter is remanded to the Fifteenth Judicial District Court with instructions to inform K.B. of the provisions of La.Code Crim.P. art. 930.8 by sending written notice to K.B. within thirty days of the rendition of this opinion and to file written proof of same in the record.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**GREMILLION, Judge, dissents.**

I respectfully dissent in part from the majority's opinion. In my opinion, the juvenile and the State had reached a binding agreement regarding her detention prior to admitting the charges against her.

A hearing was held in the Third Judicial District Court on October 6, 2015. Her attorney entered the following on the record:

> Your Honor, at this time [K.B.] would like to enter an admission as to the charge of aggravated second-degree battery, accept the state's offer of eighteen months OJJ [Office of Juvenile Justice] custody, suspended, with eighteen months' supervised probation and special conditions, and of course, there will be a transfer to Lafayette.

The trial court then questioned K.B. extensively regarding the admission, including explaining to her that she was agreeing to admit to the offense and be sentenced to eighteen months OJJ custody, which would be suspended, and that she would be subject to eighteen months of supervised probation, which would include substance abuse evaluations. K.B. was advised of her constitutional rights by the trial court. K.B. expressed her acknowledgement and understanding of these terms. The State remained silent through the proceedings and did not express any disagreement with the terms of K.B.'s disposition as explained to the court by K.B.'s attorney.

The trial court then pronounced sentence in accordance with the agreement. A bench conference was then held, after which the trial court stated, "Let the

record reflect it's been brought to my attention that it would be practical if I just adjudicate and accept the plea of [K.B.], that I transfer the case to Lafayette for actual disposition and sentencing." K.B.'s attorney agreed that he had discussed the matter with K.B. and she had no objection. The trial court then accepted the plea and ordered the matter transferred to the Fifteenth Judicial District Court.

The accepting tone of the trial court in the Third Judicial District Court was not reflected in the proceeding in the Fifteenth Judicial District, where the trial court, which obviously possessed information regarding K.B.'s history, determined that the proper course was to proceed with sentencing K.B. to eighteen months in the OJJ custody, with all but six suspended, with twelve months' supervised probation. He referred the matter back to the Third Judicial District Court to determine whether to allow K.B. to withdraw her admission. K.B.'s counsel objected and asked the court to vacate its sentence, which the trial court denied.

K.B. argues that the Third Judicial District Court erred in transferring the matter to Lafayette Parish. I disagree. Louisiana Children's Code Article 805 provides:

> A. A delinquency proceeding shall be commenced in the parish in which the offense complained of took place. The juvenile court shall conduct the adjudication hearing and may also conduct the disposition hearing unless it decides to transfer the case as provided for in Paragraph B of this Article.
>
> B. Upon motion of the district attorney, the child, or upon the court's own motion, after the confection of an informal adjustment agreement or an adjudication that the child is delinquent, the court may transfer the proceeding to the parish in which the child is domiciled.

There is no dispute that K.B. is domiciled in Lafayette Parish. The Third Judicial District Court was statutorily authorized to transfer K.B.'s matter to Lafayette Parish. K.B.'s attorney did not object to the transfer, and indeed acquiesced to it.

2

K.B. argues that the trial court erred in not imposing the disposition agreed upon between her and the State. In the context of a juvenile proceeding, the Louisiana Supreme Court has held that both contract law and constitutional constraints govern the enforceability of plea agreements. *State in the Interest of E.C.*, 13-2483 (La. 6/13/14), 141 So.3d 785. Guilty pleas are constitutionally infirm when not freely and voluntarily made; and they are not freely and voluntarily made when based upon plea agreements that are not fulfilled. *See State in the Interest of H.N.*, 15-173 (La.App. 5 Cir. 6/30/15), 171 So.3d 1242.

There was clearly a plea agreement in this case that was recited into the record in the Third Judicial District Court: K.B. was to receive eighteen months in the custody of OJJ, but that would be suspended, and she would be subject to supervised probation including substance abuse counseling and treatment. The situation is complicated because of the transfer of the matter from Lincoln Parish to Lafayette Parish after the adjudication of K.B. However, K.B.'s agreement was not between her and the Third Judicial District Attorney; it was between her and the State of Louisiana, whom the Third Judicial District Attorney represents every bit as much as does the Fifteenth Judicial District Attorney.

In *State ex rel. R.D.S.*, 10-314 (La.App. 3 Cir. 6/30/10), 43 So.3d 1057, a juvenile was not advised by the trial court of his constitutional rights, nor was a waiver of those rights secured before his *nolo contendere* plea was accepted. The matter was then transferred to an adjacent parish, where the juvenile was domiciled, for disposition. On appeal, this court vacated the adjudication based upon this constitutional infirmity. Because the adjudication was entered in the first parish, we remanded the matter to that court. I find the present matter analogous. I would remand the matter to the Fifteenth Judicial District Court with instructions that K.B.

3

be sentenced in accordance with the plea agreement or that her case be returned to the Third Judicial District Court to determine whether to allow her to withdraw her admission.